# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS JONES,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC;<br>EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION LLC,<br><br>    Defendants. | Case No.: 5:24-cv-4044<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit Reporting Act** |

Plaintiff, Nicholas Jones, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Morris, Kansas.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Navient Solutions, LLC ("Navient") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Kansas.

5. At all times pertinent hereto, Defendant Navient is a "person" as that term

1   is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that
2   term is described in 15 U.S.C. §1681s-2 *et seq.*

3       6.   Defendant Navient was at all relevant times engaged in the business of
4   attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

5       7.   Defendant Navient is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6       8.   Defendant Equifax is, and at all times relevant hereto was, regularly doing
7   business in the State of Kansas.

8       9.   Equifax is regularly engaged in the business of assembling, evaluating, and
9   disbursing information concerning consumers for the purpose of furnishing consumer
10  reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11      10.  Equifax furnishes such consumer reports to third parties under contract for
12  monetary compensation.

13      11.  At all times pertinent hereto, Defendant Equifax was a "person" and
14  "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

15      12.  Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency,
16  licensed to do business in Kansas.

17      13.  Defendant TransUnion is, and at all times relevant hereto was, regularly
18  doing business in the State of Kansas.

19      14.  TransUnion is regularly engaged in the business of assembling, evaluating,
20  and disbursing information concerning consumers for the purpose of furnishing
21  consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

22      15.  TransUnion furnishes such consumer reports to third parties under contract
23  for monetary compensation.

24      16.  At all times pertinent hereto, Defendant TransUnion was a "person" and
25  "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

28      17.  This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p,

15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

18. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

19. Personal jurisdiction exists over Defendants as Plaintiff resides in Kansas, Defendants have the necessary minimum contacts with the state of Kansas, and this suit arises out of specific conduct with Plaintiff in Kansas.

## IV.　　FACTUAL ALLEGATIONS

20. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Navient, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

21. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

22. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

23. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

24. Plaintiff discovered the Navient accounts# ending 2647 and 1686 on their Equifax and TransUnion consumer reports in error (the "Accounts").

25. During the course of repayment of the Accounts, Plaintiff satisfied the Accounts in full with payment to Navient resulting in full and final settlement of Plaintiff's obligation with respect to the Accounts.

26. Plaintiff resolved their liability on the Accounts, and the balance is $0 on the Accounts.

27. In spite of receiving the full benefit of payment in full on the Accounts, and releasing Plaintiff from liability on Accounts, Defendant Navient continued, erroneously, to report a balance due and owing and various late payments with derogatory status on the Accounts to Experian, Equifax, and TransUnion.

28. The false information regarding the Accounts appearing on Plaintiff's

consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

29. On or about March 26, 2024, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer report.

30. On or about March 26, 2024, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

31. Upon information and belief, Equifax and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant Navient.

32. Upon information and belief, Navient received notification of Plaintiff's Dispute Letters from Equifax and TransUnion.

33. Upon information and belief, Navient verified the erroneous information associated with the Accounts to Equifax and TransUnion.

34. Navient failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Accounts information with respect to the disputed information and the accuracy of the Accounts.

35. Equifax and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Accounts information with respect to the disputed information and the accuracy of the Accounts.

36. Upon information and belief, Navient failed to instruct Equifax and TransUnion to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

37. Equifax and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

38. At no point after receiving the Dispute Letters did Navient, Equifax, or

TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

39. Equifax and TransUnion relied on their own judgment and the information provided to them by Navient rather than grant credence to the information provided by Plaintiff.

40. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Accounts.

41. Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

## COUNT I – EQUIFAX
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

42. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

43. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

44. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

45. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to

recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

50. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

51. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

52. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

56. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

57. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

58. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

59. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

63. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

64. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer

report.

65. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

66. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – NAVIENT
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

70. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

71. After receiving the Dispute Letters, Navient failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

72. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Navient's representations; by failing to

review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Navient's representations to consumer credit reporting agencies, among other unlawful conduct.

73. As a result of this conduct, action, and inaction of Defendant Navient, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74. Defendant Navient's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75. In the alternative, Defendant Navient was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Navient pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

F. Plaintiff asks that the trial be held in Topeka, Kansas.

Respectfully submitted May 24, 2024.

/s/ Anthony E. LaCroix
Anthony E. LaCroix (24279)
LaCroix Law Firm, LLC
1600 Genessee, Ste. 956
Kansas City, MO 64102
(816) 399-4380
Attorney for Plaintiff
